UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BROWN WATER MARINE SERVICE, INC., | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. V-12-6 |
| | § | |
| GEORGE ALVARADO, | § § § | |
| Defendant. | § § | |
| IN RE THE COMPLAINT AND PETITION OF BROWN CANAL, INC., AS OWNER, AND BROWN WATER MARINE SERVICE, INC., AS BAREBOAT CHARTERER, OF THE BROWN CANAL, ITS ENGINES, TACKLE, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § | CIVIL ACTION NO. V-12-17 |

## **MEMORANDUM OPINION & ORDER**

On September 2, 2011, George Alvarado, a seaman employed by Brown Water Marine Service, Inc., was allegedly injured while attaching barges to Brown Water's towing vessel, the M/V BROWN CANAL. In a case study on the procedural peculiarities of maritime law, what would seem to be a routine personal injury matter has spawned four separate lawsuits in three different courts. The question to be resolved is whether the maintenance and cure issues in Alvarado's case should be tried in his state court Jones Act suit or in Brown Water's declaratory judgment action in this Court. This Court has considered the parties'

arguments, the applicable authorities, and the facts of the case, and determines that Alvarado should be able to prosecute a full case in his chosen state court forum. The Court therefore GRANTS Defendant George Alvarado's Opposed Motion to Dismiss Plaintiff Brown Water Marine Service, Inc.'s Complaint for Declaratory Judgment (Docket Entry No. 8).

## I. PROCEDURAL HISTORY

After Alvarado was allegedly injured in September 2011, he filed suit against Brown Water under the Jones Act and the general maritime law in state district court in Aransas County, Texas. He voluntarily moved to dismiss that suit without prejudice effective January 30, 2012, but subsequently refiled against Brown Water and its related entity, Brown Canal, Inc., in state district court in Brazoria County, Texas, on February 1, 2012.

However, on January 26, 2012, while Alvarado's motion to dismiss his first state court suit was pending in Aransas County, Brown Water filed suit in this Court to request a declaration of its obligations of maintenance and cure to Alvarado. Then, on March 14, 2012, Brown Water and Brown Canal exercised their right to file a petition for Limitation of Liability in this Court pursuant to Supplemental Admiralty Rule F, thereby enjoining the state court litigation. This Court subsequently consolidated Brown Water's two federal cases—the declaratory judgment action and limitation petition.

Alvarado now seeks to dissolve the limitation petition injunction and dismiss the declaratory judgment action so that his injury suit may proceed in state court. Brown Water argues that the maintenance and cure issues in Alvarado's case are properly before this Court, such that Alvarado's motion should be denied. Because Brown Water points to both its limitation petition and its declaratory judgment action as justifications for denying Alvarado's motion, this Court shall discuss each possible source of discretion in turn.

## II.   DISCUSSION

### A.   Brown Water's Limitation of Liability Petition

The first issue in this case is whether Brown Water's pending limitation petition gives this Court a reason to adjudicate the merits of Alvarado's claims. It does not. True, the Limitation Act allows vessel owners to cap their liability at "the value of the vessel and pending freight" by filing limitation actions in federal court. 46 U.S.C. §§ 30505(a); 30511(a). But under the savings to suitors clause, admiralty and maritime plaintiffs like Alvarado have the right to sue in state court. *See* 28 U.S.C. § 1333(1); *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443–44 (2001). The question in each case is how to resolve the "tension [that] exists between the savings to suitors clause and the Limitation Act." *Lewis*, 531 U.S. at 448.

The Supreme Court has set clear guideposts that guide this Court's resolution of the issue. In *Lewis*, like in this case, a single injured seaman filed suit in state court for negligence under the Jones Act, unseaworthiness, and maintenance and cure. *Id.* at 441. In holding that the district court had properly exercised its discretion to dissolve the Limitation Act injunction to allow the seaman to litigate his claims in state court, the Supreme Court held that "state courts, with all of their remedies, may adjudicate claims like petitioner's against vessel owners so long as the vessel owner's right to seek limitation of liability is protected." *Id.* at 455. Because *Lewis* only involved a single claimant who stipulated that he would not seek to litigate the limitation issue in state court, and because the district court stayed the limitation proceeding while litigation was pending in state court, "the decision to dissolve the injunction [was] well within the court's discretion." *Id.* at 454.

This case is similar to *Lewis*. Both parties acknowledge that Alvarado is the only claimant, and that the precise extent of Brown Water's liability will be determined by the state court action. The right to limitation will be adequately protected in this case if this Court stays the limitation action "so that it [can] act if the state court proceedings jeopardize[] the vessel owner's rights under the Limitation Act." *Id.* Alvarado must not litigate the limitation issue in state court,

but as long as he does not do so, he should be allowed to litigate his injury claims in that forum.

### B.     Brown Water's Declaratory Judgment Action

The second issue is whether this Court should decide the maintenance and cure aspect of Alvarado's case because Brown Water filed its declaratory judgment action before Alvarado filed his second state court suit.  Even assuming that Brown Water was truly "first to file"—a questionable proposition given that Alvarado's first state court suit was still pending when Brown Water filed in this Court—this Court concludes that it should abstain from exercising jurisdiction over the declaratory judgment action.

Even though this action is justiciable and this Court has authority to grant declaratory relief, this Court has discretion on whether to exercise that authority. "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)).  In the Fifth Circuit, this discretion is guided by the seven nonexclusive *Trejo* factors: "(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in

forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Sherwin-Williams*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)). The proper exercise of these factors addresses three concerns: "the proper allocation of decision-making between state and federal courts," fairness, and efficiency. *Id.* at 390–91.

In this case, the balance of factors favors dismissing Brown Water's declaratory judgment action because adjudicating it would impinge Alvarado's rights under the savings to suitors clause and the Jones Act. The savings to suitors clause grants Alvarado a number of rights, including the right to choose his forum by filing his claims in state court. *See Lewis*, 531 U.S. at 455 (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 371–72 (1959)). Moreover, the Jones Act grants Alvarado the right to have his personal injury claims tried before a jury. 46 U.S.C. § 30104.

Adjudicating Brown Water's declaratory judgment action would interfere with these rights in several ways. The factual basis of a claim for maintenance and cure largely overlaps with that of a Jones Act claim, and thus any findings made by this Court in Brown Water's declaratory judgment action could have preclusive effect in Alvarado's state court Jones Act suit. *See Belle Pass Towing Corp. v. Cheramie*, 763 F.Supp. 1348, 1354–55 (E.D. La. 1991). Brown Water's response that Alvarado may file his Jones Act and unseaworthiness claims as counterclaims in this Court does not eliminate this concern. A decision by this Court to adjudicate Brown Water's declaratory judgment action would effectively "deny [Alvarado] his right to have his [Jones Act] case heard before *a Texas state court jury*" either by precluding the jury from determining certain questions of fact or by forcing Alvarado to litigate in this Court for fear of such preclusion. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 196 (5th Cir. 1991) (emphasis in original).

Moreover, although Alvarado has no standalone right to have his maintenance and cure claim decided by a jury, that claim must nonetheless be tried before a jury if Alvarado presents it alongside his Jones Act claim. *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 21 (1963) ("[A] maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts."); *Luera v. M/V Alberta*, 635 F.3d 181, 191–92 (5th Cir. 2011). But because Brown Water is the declaratory judgment plaintiff and seeks only a

declaration of its obligations of maintenance and cure, that issue arises solely under this Court's admiralty jurisdiction and must be decided by this Court in a bench trial. *See T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1985) (per curium); *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1252 (5th Cir. 1975). Thus, even if Alvarado filed his Jones Act and unseaworthiness claims as counterclaims in this Court, he will only be entitled to a jury trial on those claims.

Application of the *Trejo* factors to this case demonstrates that dismissal of the declaratory judgment is appropriate. Under the first factor, the merits of Alvarado's case may be fully litigated in his pending state court case. Under the second, it appears that Brown Water filed suit in anticipation of Alvarado's second state court filing, especially given that Alvarado had retained new counsel before filing to dismiss his first state court suit. Under the fourth, it would be inequitable to allow Brown Water to change forums because, as already discussed, it would violate Alvarado's rights under the savings to suitors clause and the Jones Act and moreover would deny Alvarado the jury trial on his maintenance and cure claim that he would otherwise receive in state court. Under the sixth factor, retaining the lawsuit would be detrimental to judicial economy. The parties would either have to proceed in two forums, or Alvarado would have to file counterclaims in this Court. As already noted, if he pursued the latter option, the maintenance and cure

claim would be decided by this Court will Alvarado's counterclaims would have to be submitted to a jury. Requiring two separate factfinders would not serve the purposes of judicial economy. The *Trejo* factors favor dismissal of Brown Water's declaratory action.

## III.   CONCLUSION

For the reasons discussed above, the merits of Alvarado's claims, including maintenance and cure issues, should be adjudicated in his pending state court action. Therefore, this Court **ORDERS** as follows:

It is **ORDERED** that Defendant, George Alvarado's Opposed Motion to Dismiss Plaintiff Brown Water Marine Service, Inc.'s Complaint for Declaratory Judgment (Civil Docket 6:12-cv-006 Docket Entry No. 8) is **GRANTED**.

It is **FURTHER ORDERED** that the case pending in this Court entitled *In re the Complaint and Petition of Brown Water Canal, Inc., as Owner, and Brown Water Marine Service, Inc., as Bareboat Charterer, of the Brown Canal, its Engines, Tackle, Etc., in a Cause of Exoneration from or Limitation of Liability* (Civil Docket 6:12-cv-00017) is **STAYED**. This stay **SHALL** be dissolved upon application and demonstration by petitioners Brown Water Marine Service, Inc., and Brown Canal, Inc., that an adverse judgment has been rendered against them in favor of George Alvarado in state court or that their right to limitation of liability has been otherwise jeopardized.

It is **FINALLY ORDERED** that this Court's Order Directing Claimants to File and Make Proof of Claims, Directing the Issuance of Monition, and Restraining Prosecution of Claims (Civil Docket 6:12-cv-017 Docket Entry No. 7) **SHALL** be **WITHDRAWN** only to the extent that it prohibits George Alvarado from prosecuting his state court suit in the 149th Judicial District of Brazoria County.

SIGNED this 20th day of July, 2012.

                                                       _____
                                                         Gregg Costa
                                                  United States District Judge